IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANCE J. DOOLY                                                                           PLAINTIFF

v.                                         CIVIL NO. 22-cv-2189

KILOLO KIJAKAZI, Acting Commissioner                                     DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Rance J. Dooly, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on July 24, 2020. (Tr. 12). In his application, Plaintiff alleged disability beginning on November 30, 2019, due to depression, anxiety, hand pain, and nerve damage. (Tr. 12, 276). An administrative hearing was held via telephone on January 13, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 75–101). A vocational expert ("VE") also testified. *Id*.

On February 1, 2022, the ALJ issued an unfavorable decision. (Tr. 9–24). The ALJ found that Plaintiff suffered from the following severe impairments: De Quervain's tenosynovitis, carpal tunnel syndrome status post release, obesity, depression, and anxiety. (Tr. 14–15). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15–16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except the claimant can perform jobs with frequent but not repetitive fine handling, grasping or manipulating. The claimant is limited to simple tasks with no detailed or complex instructions, work that is learned and performed by rote with few variables and little judgment, interpersonal contact that is incidental to the work performed and supervision that is simple, direct and concrete.
> (Tr. 16–23).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 23). With the help of the VE, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as a floor waxer, assembler, or hospital cleaner. (Tr. 23–24). The ALJ found Plaintiff was not disabled from November 30, 2019, through February 1, 2022, the date of his decision. (Tr. 24). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the RFC was consistent with the evidence where Plaintiff's carpal tunnel syndrome and mental impairments caused greater impairments than those acknowledged by the ALJ; 2) whether the step five findings were improper as the hypothetical did not contain the proper limitations. (ECF No. 9). Defendant argues that the ALJ properly accounted for Plaintiff's hand and wrist impairments by limiting Plaintiff to only frequent handling, grasping, and manipulating. (ECF No. 11). Defendant argues that the properly accounted for Plaintiff's mental health impairments by limiting Plaintiff to simple, direct, concrete supervision and interaction with others that was only incidental to the work performed, which was consistent with the opinions offered by the state agency psychological consultants. Finally, Defendant argues the VE testimony was based upon a proper hypothetical and constituted substantial evidence that Plaintiff was not disabled.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff did have significant hand, wrist, and social limitations, the ALJ considered all of the evidence and provided an RFC finding that was based upon substantial evidence. While some evidence would support greater limitations than those found, the ALJ addressed those records and opinions and carefully weighed the evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with

prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 1st day of November 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE